UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MELVIN MORRIS** | **:** | **DOCKET NO.  2:13-cv-02246** |
| **VERSUS** | **:** | **JUDGE TRIMBLE** |
| **UNITED STATES OF AMERICA** | **:** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is the motion to transfer venue, [doc. 5], filed by the United States government, (hereafter, "the government").  The government requests a transfer of this action to either the Northern District of Florida or the Northern District of Texas pursuant to 28 U.S.C. § 1404(a).  Plaintiff Melvin Morris (hereafter, "plaintiff") opposes the motion.

For the following reasons, defendant's motion is hereby DENIED.

### I. FACTS & PROCEDURAL HISTORY

Plaintiff, a resident of Leesville, Louisiana, filed a wrongful death action in this court pursuant to the Federal Tort Claims Act (hereafter "FTCA").  The complaint concerns events that allegedly occurred while plaintiff's mother, Ms. Cassandra Womack, was an inmate in the custody of the Federal Bureau of Prisons (hereafter, "BOP").

From October 2003 to June 2006 Ms. Womack was incarcerated at the Federal Correctional Institution in Tallahassee, Florida (hereafter, "FCI Tallahassee").  Doc. 1, p. 2.  In June 2006 Ms. Womack was transferred to the Federal Medical Center of Carswell (hereafter "FMC Carswell") in Fort Worth, Texas, where she remained until her release in 2008.  *Id.* Plaintiff claims that while Ms. Womack was at FCI Tallahassee and FMC Carswell, BOP employees failed to recognize her symptoms of abdominal pain and iron deficiency anemia as indicative of colon cancer, the disease from which she eventually died in 2009.  *Id.* at 2–3.

The government moves to transfer this action to either: (1) the Northern District of Florida, where FCI Tallahassee is located; or (2) the Northern District of Texas, where FMC Carswell is located. According to the government, this action has little connection to the Western District of Louisiana as all of the alleged events took place elsewhere, the majority of potential witnesses do not reside in this district, and Louisiana law will not govern the action. Therefore, the government requests a transfer of venue pursuant to 28 U.S.C. § 1404(a), based upon considerations including fairness to the litigants, convenience for potential witnesses, and judicial economy.

Plaintiff responds that, under the plain language of 28 U.S.C. § 1402(b), a tort claim against the United States may be litigated in the district where the plaintiff resides. 28 U.S.C. § 1402(b). Plaintiff argues that the government has not shown good cause for transferring the action and therefore his choice of forum should not be disregarded.

## II. LAW & ANALYSIS

When faced with a motion to transfer venue, the court must first determine whether the claim could have been brought in the transferee court. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (hereafter, "Volkswagen II"). If so, then "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a).

In the instant case, it is undisputed that venue would have been proper in either of the potential transferee courts. "Any civil action on a tort claim against the United States under [the FTCA] may be prosecuted . . . in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Accordingly, under 28 U.S.C.

§ 1402(b), suit could have been brought in the Northern District of Florida, where FCI Tallahassee is located, or the Northern District of Texas, where FMC Carswell is located.

It must therefore be determined whether the government has shown good cause for transferring this action.

A plaintiff's choice of forum is "neither conclusive nor determinative." *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003). The adjudication of a motion to transfer venue under 28 U.S.C. § 1404(a) is squarely within the discretion of the district court, based on an "individualized case-by-case consideration of convenience of fairness."  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).  However, a motion to transfer under § 1404(a) will not be granted unless the movant shows good cause for a transfer.  *Humble Oil & Refining Co. v. Bell Marine Serv., Inc.*, 321 F.3d 53, 56 (5th Cir. 1963).

The Fifth Circuit defines "good cause" as a showing that the transferee court is clearly more convenient than plaintiff's chosen forum.  *Volkswagen II*, 545 F.3d at 315.  "[W]hen the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected.  When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer."  *Id.*

The convenience determination weighs several public and private interest factors.  *Id.* (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)).  The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)).  The public interest factors include:

"(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* (internal citations omitted).

For the following reasons, we conclude that the government has not shown either alternative forum to be clearly more convenient than the Western District of Louisiana.

### A. Private Interest Factors

First, regarding the relative ease of access to sources of proof, we conclude that this factor is neutral. Most if not all of the evidence in this matter is documentary and Ms. Womack's medical records from FCI Tallahassee and FMC Carswell are already in plaintiff's possession. Doc. 12, p. 7. Any records of Ms. Womack's treatment in Alexandria, Louisiana may easily be obtained. Accordingly, neither alternative district is clearly more convenient in this regard.

Second, regarding the availability of compulsory process, it is true that compulsory process would not be available for this court to secure the attendance of non-party witnesses in the Tallahassee and Fort Worth areas. *See* Fed. R. Civ. P. 45(c)(1). However, the Government has not provided this court with the names of any non-party witnesses who may testify or why such testimony would be relevant. All of the witnesses listed by the government are BOP employees and, as such, are properly considered parties to this action. 28 U.S.C. § 1346(b). We also note that the parties are free to depose any out-of-state witness in the witness's home district and to use that deposition testimony at trial should the witness be unable to appear in this district. Fed. R. Civ. P. 32(a)(4).

The cost of attendance for out-of-state but willing witnesses weighs in favor of transfer. However, because we have *three* districts that are proper, the benefits of transfer to one district will be outweighed by the detrimental effects to the other. Regardless of where this suit will be tried, certain parties and witnesses will inevitably be forced to travel far from their home district. Although the government argues that the cost of travel to this court would be "astronomical," the government fails to consider that it might be far costlier for witnesses to travel from the Northern District of Florida to the Northern District of Texas (or vice versa), rather than to the Western District of Louisiana.

We conclude that the private interest factors do not clearly weigh in favor of transfer.

### B. Public Interest Factors

The Government stresses that that there is "no meaningful tie between the underlying dispute and the Western District of Louisiana, notwithstanding proper venue of this FTCA action in this court." We disagree.

Plaintiff is a resident of Leesville, Louisiana, and he is specifically authorized to sue in his home district. 28 U.S.C. § 1402(b). Furthermore plaintiff declared under penalty of perjury that after Ms. Womack was released from federal custody in 2008 she underwent cancer treatment at Rapides General Medical Center, in Alexandria, Louisiana. Doc. 12, att. 1, p. 2, ¶ 4. Plaintiff declared that such treatment occurred until Ms. Womack died, in Leesville, Louisiana, in February 2009. *Id.*

Contrary to the government's assertions, plaintiff's statements support the proposition that a portion of Ms. Womack's medical records, and several treatment providers, are located in the Western District of Louisiana. *See* 28 U.S.C. § 1746. Furthermore, Ms. Womack died in this

district. We conclude that the underlying circumstances bear enough of a relationship to this district such that plaintiff's choice of forum should not be lightly disregarded.

The third public interest factor, "the familiarity of the forum with the law that will govern the case," does not weigh in favor of transfer. Although the substantive laws of Florida and Texas will govern liability in this matter, *see Tindal by Tindal v. United States*, 901 F.2d 53, 55 (5th Cir. 1990), any of the three possible districts will at some point apply the law of a different state. Furthermore, the Government does not establish that this court is unable to apply the laws of Texas or Florida. *See Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2003) (upholding denial of a motion to transfer venue because defendant did not establish that Mississippi district court was unable to apply Tennessee law). Accordingly, none of the three potential districts is clearly superior to any other, and this factor is neutral.

The remaining public interest factors, i.e. avoidance of court congestion and conflict-of-laws issues, are not implicated by this matter. Therefore, after weighing the public and private interest factors, we conclude that the government has not demonstrated that the either alternative district is clearly more convenient than the Western District of Louisiana.

### III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the government's motion to transfer venue, [doc. 5], is hereby DENIED.

THUS DONE this 16th day of December, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE