UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MELVIN MORRIS** | : | DOCKET NO. 2:13-2246 |
| VS. | : | JUDGE TRIMBLE |
| **UNITED STATES OF AMERICA** | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING AND ORDER

Before the court is a "Motion to Dismiss Claims Pursuant to Florida Law" (R. #24) wherein defendant, the United States of America, moves to dismiss any and all claims of Plaintiff's Complaint made pursuant to Florida law.

## FACTUAL ALLEGATIONS

In his complaint, plaintiff brings this action individually and for the benefit of his mother, Cassandra Womack's other children, Michael Womack, Neikisha Womack, Gabrielle Perry and Jarvis Womack.[1] Plaintiff seeks money damages pursuant to the Federal Tort Claims Act[2] for the wrongful death of his mother caused by the alleged negligent and wrongful acts and omissions of employees of the United States Government.

In October 2003, Cassandra Womack reported for incarceration by the Federal Bureau of Prisons to the Federal Correctional Institution ("FCI") in Tallahassee, Florida. An initial medical

---

[1] The complaint does not allege or specify plaintiff, Melvin Morris' procedural capacity which authorizes him to bring this complaint on behalf of the other children of the deceased, Cassandra. Womack.

[2] 28 U.S.C. § 2675.

screening at FCI in Tallahassee showed iron deficiency anemia; she was placed on iron supplements. Despite taking the iron supplements, Ms Womack continued to be diagnosed with iron deficiency anemia in February 2004. About this time, Ms. Womack started to complain of abdominal pain. No additional testing was performed to diagnose colon cancer as a cause of the iron deficiency anemia and/or abdominal pain.

On or about June 1, 2006, Ms. Womack was transferred to the Federal Medical Center ("FMC") Carswell in Fort Worth, Texas. She was seen by doctors in September 2006 at which time she continued to suffer abdominal pains and iron deficiency anemia. Plaintiff complains that despite these symptoms, no testing was performed to detect colon cancer.

In December 2006, a pelvic sonogram was performed; the findings were negative. In August 2007, Ms. Womack collapsed with severe abdominal pain. A physical exam revealed a large palpable mass in her abdomen and a subsequent exploratory laparoscopy resulted in a diagnosis of Stage IV adenocarcinoma of the ascending colon metastatic to the left and right ovaries and the fallopian tube.

Ms. Womack passed away on February 27, 2009. At the time of her death, Ms. Womack resided in Louisiana. Plaintiff as well as Ms. Womack's other children also reside in Louisiana. Plaintiff does not allege that any negligent acts or omissions occurred in Louisiana. Plaintiff alleges that the failure of government medical providers to provide additional testing at FCI in Florida to detect the cancer and to diagnose and treat Ms. Womack's condition at FMC Carswell was negligent and fell below the applicable standard of care which caused her death.

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state

2

a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "³ Subsumed within the rigorous standard of the Conley test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged.⁴ The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true.⁵ In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.⁶ "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."⁷ "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."⁸ "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."⁹

Under Rule 8 of the Federal Rules of civil Procedure, the pleading standard does not require

---

³ Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir. 1977)(per curiam) citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957)).

⁴ Elliot v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989).

⁵ Oppenheimer v. Prudential Securities, Inc., 94 F.3d 189, 194 (5th Cir. 1996).

⁶ Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1137 (5th Cir. 1992).

⁷ Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992).

⁸ Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

⁹ Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995).

a complaint to contain "detailed factual allegations," but it demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation."[10] A complaint that offers "labels and conclusions:" or "a formulaic recitation of the elements of a cause of action will not do."[11] Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."[12]

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[13]

## LAW AND ANALYSIS

The United States, as sovereign is immune from suit; the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. The United States has waived sovereign immunity for claims asserted under the FTCA, 28 U.S.C. § 2674; under the FTCA, the United States is liable for personal injury caused by the negligent or wrongful acts of its employees to the same extent as a private individual under the law of the state in which the alleged negligent conduct occurred.[14]

In his complaint, plaintiff seeks damages for acts and/or omissions that allegedly occurred in Texas and Florida. The government maintains that plaintiff must dismiss any claim for recovery under Florida law. The government posits that the court must apply the law of the state where the

---

[10] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).

[11] Id.

[12] Id., at 557, 127 S.Ct. 1955.

[13] Id., at 570, 127 S.Ct. 1955.

[14] See 28 U.S.C. §§ 1346(b) and 2674.

last significant negligent act or omission occurred.[15] The government relies on the "most significant relationship test" set out in the Restatement (Second) of Conflicts of Laws (Restatement), specifically, Restatement § 145(1).

In determining which state has the most significant relationship, courts look to: " '(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered.' "[16]

Plaintiff first asserts that there is nothing in 28 U.S.C. § 1346(b)(1) which requires that the law of only one state be applied to an FTCA case which alleges acts or omissions occurring in more than one state. Plaintiff also maintains that Florida is the state which has the most significant relationship to this case because it was the acts and omissions in Florida which most likely resulted in Ms. Womack's death. Plaintiff asserts that when the medical providers examined Ms. Womack, metastasis of the cancer had likely not taken place. Therefore, had the medical providers conducted the appropriate tests, Ms. Womack's cancer would have been detected and thus curable.

Plaintiff remarks that because the parties are still in process of discovery at this point, and the expert and medical designations and reports are not yet due, it would be premature to decide and possibly dismiss any claims under Florida law.

The court agrees that it would be impossible at this juncture without further evidence, outside the complaint to determine which state has the most significant relationship; the court further agrees

---

[15] Simon v. United States, 341 F.3d 193, 204 (3rd Cir. 2003); Hogan v. United States, 2005 WL 3338065 (W.D. Tex. Sept. 30, 2005).

[16] Gutierrez v. Collins, 583 S.W. 2d 312, 319 (Tex. 1979) (quoting Restatement § 145(2)(a)-(d)).

that such would necessarily require the court to perform a summary judgment analysis as opposed to the instant motion to dismiss.[17] Accordingly, for the reasons set forth above,

**IT IS ORDERED** that the motion to dismiss is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff, Melvin Morris, is required to amend his complaint within 30 days from this date to specify his procedural capacity to act on behalf of the other plaintiffs named in the complaint other than himself.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 14th day of January, 2015.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[17] As noted by plaintiff, if the court considers evidence outside the complaint, the motion must be converted into a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. To properly address the "most significant relationship test," the court would have to consider expert medical testimony and/or evidence which is most assuredly evidence outside of the complaint.