U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY 2 9 2015

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **MELVIN MORRIS** | **CIVIL ACTION NO. 2:13-2246** |
| **VERSUS** | **JUDGE JAMES T. TRIMBLE, JR.** |
| **USA on behalf of US BUREAU OF PRISONS** | **MAG. JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a "Motion to Dismiss" (R. #47) filed by the United States of America who moves the court to dismiss the claims of the estate of Cassandra Womack, and of Michael Womack, Neikisha Womack, Gabriellea Perry, Jarvis Womack, Michael White and Dorothy Womack pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction. As to the estate of Cassandra Womack, the government maintains that plaintiff, Melvin Morris did not comply with the jurisdictional prerequisites, specifically that he did not file suit in an appropriate United States District Court within 6 months from the date that the Federal Bureau of Prisons ("BOP") mailed notification that the estate's claims were denied.

## STATEMENT OF THE CASE

Plaintiff, Melvin Morris, brings this lawsuit individually and on behalf of the estate of his mother, Cassandra Womack. Plaintiff brings this action as succession representative on behalf of Ms. Womack's other natural children, Michael Womack, Neikisha Womack, Gabriellea Perry, and Jarvis Womack, and under Texas law, Ms. Womack's father, Michael White and mother,

Dorothy Womack. In October 2003, Ms. Womack presented herself to the BOP in Tallahassee, Florida at the Federal Correctional Institution. An initial medical screening showed iron deficiency anemia; Ms. Womack was placed on iron supplements but continued to exhibit iron deficiency anemia in February 2004. Ms. Womack started to complain of abdominal pain, but no additional testing was performed by the BOP.

On June 1, 2006, Ms. Womack was transferred to the Federal Medical Center ("FMC") Carswell in Fort Worth, Texas. Ms. Womack continued to suffer from abdominal pain; in September 2006, she was seen again by doctors, but no further testing was performed.

In December 2006, a pelvic sonogram was performed, but the findings were negative. In August 2007, Ms. Womack collapsed with severe abdominal pain. A physical exam revealed a large palpable mass in her abdomen; an exploratory laparoscopy revealed a Stage IV adenocarcinoma of the ascending colon metastatic to the left and right ovaries and the fallopian tube.

Ms. Womack was subsequently released from custody on April 2, 2008, and resided in Louisiana until she passed away on February 27, 2009 from colon cancer. In his petition, plaintiff alleges that the government medical providers failed to provide the proper testing in Florida and in Texas to detect, diagnose and treat the cancer. Plaintiff alleges that the government medical providers' failure to properly diagnose and treat Ms. Womack was negligent and fell below the applicable standard of care which was a proximate cause of Ms. Womack's death.

## **PROCEDURAL HISTORY**

On February 15, 2011, Melvin Morris, filed two separate tort claims for damage injury or death with the BOP, South Central Regional office. The first claim identified as TRT-SCR-2011-2513 was made on behalf of the Estate of Cassandra Womack, wherein the children of Ms. Womack sought claims of loss of consortium with their mother, past and future mental anguish, funeral and burial expenses, pecuniary damages and wrongful death and survival damages.[1] In this claim, the claimants sought $2,000,000 in damages. The second claim identified as TRT-SCR-2011-03351 was filed by Melvin Morris, individually, wherein Mr. Morris sought the same type of damages in a total amount of $2,000,000.[2] The BOP acknowledged receipt of both claims by letter dated April 5, 2011.[3]

Simultaneously, plaintiff sent identical claims to the Southeast Region Office which are identified as TRT-SER-2011-02810[4] and TRT-SER-2011-02809[5]. These claims were administratively closed as of April 5, 2011 via letter advising Mr. Morris that they would be handled by the South Central Region Office under the claim numbers assigned by that region.[6]

On January 11, 2012, the BOP sent claimant two separate letters as to each separate claim requesting additional information.[7] On March 21, 2012, when no additional information was received, the BOP again requested additional information to evaluate both claims.[8] On May

---

[1] Gov. exhibit 1, R. #47-3, p. 4.
[2] Id., R. #47-3, p. 11.
[3] Id., Attachments 3 and 4.
[4] Gov. exhibit 1, Attachment 3, R. #47-3.
[5] Id., Attachment 4.
[6] Id.
[7] Id., Attachments 5 and 6.
[8] Id. Attachments 7 and 8.

14, 2012, by separate letters, the BOP issued two letters which expressly denied plaintiffs' claims; both letters instructed plaintiff that he had six (6) months from the date of each letter to file suit in the appropriate United States District Court.[9]

On October 31, 2012, Mr. Morris requested reconsideration of the BOP's denial as to the letter denying the tort claim in TRT-SCR-2011-03351 as to Mr. Morris' individual claim.[10] On January 11, 2013, the BOP denied Mr. Morris' request and informed him that he should file suit within six months of the date of the letter.[11] On July 11, 2013, Mr. Morris filed suit on behalf of all of the claimants, including the estate of Cassandra Womack.[12]

## FEDERAL TORT CLAIMS ACT

A plaintiff filing an action pursuant to the Federal Tort Claims Act ("FTCA") must properly present his claim to the appropriate federal agency before instituting an action against the United States.[13] The FTCA provides a claimant two years from the time an action accrues to present his claim to the appropriate agency. Once received, the agency has two years to either resolve or deny the claim. If the claim is denied, the claimant must file suit in the appropriate court within six (6) months from the date of the correspondence advising of the denied claims.[14] Both requirements are jurisdictional in nature and must be satisfied to invoke the jurisdiction of a federal court.[15] Courts are not free to extend the waiver beyond what Congress

---

[9] Id., Attachments 9 and 10.
[10] Id. Attachment 11.
[11] Id., Attachment 12.
[12] R. #1, Complaint.
[13] 28 U.S.C. § 2675(a).
[14] 28 U.S.C. § 2401.
[15] Flory v. United States, 138 F.3d 157, 159 (5th Cir. 1998).

intended.[16] The "six month period following denial of a claim by the administrative agency provision of 2401(b) [i]s entitled to the same strict construction as other limitation provisions...."[17]

## RULE 12(b)(1) STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction. . .

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[18] Courts may consider affidavits and exhibits submitted in connection with a Rule 12(b)(1) motion to dismiss.[19] Once challenged with competent proof, the plaintiff must prove by a preponderance of the evidence that the court has subject matter jurisdiction.[20]

## LAW AND ANALYSIS

The government maintains that plaintiff has failed to timely commence suit on behalf of the estate of Cassandra Womack within the six-month period following denial of his claim by the agency. Thus, the government seeks to dismiss the claims of the estate for lack of

---

[16] U.S. v. Kubrick, 444 U.S. 111, 100 S. CT. 352 (1979).
[17] Childers v. United States, 442 F.2d 1299, 1302 (5th Cir. 1971)
[18] Robinson v. TCI/US West Communications, Inc., 117 F.3d 900 (5th Cir. 1997), citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.) cert. denied, 454 I/S/ 897, 102 S.Ct. 396, (1981).
[19] Moran v. Kingdom of Saudi Arabia, 27 F.3d 169, 172 (5th Cir. 1994).
[20] Middle South Energy, Inc. v. City of New Orleans, 800 F.2d 488, 490 (5th Cir. 1986).

jurisdiction. The evidence submitted reveals that the BOP denied both of plaintiff's tort claims on May 14, 2012. Mr. Morris made a "Request for Reconsideration"[21] on November 5, 2012.[22] The Request referenced the tort claim(s) as follows:

> Re: Administrative Tort Claim – TRT-SCR-2011-03351
>
> WOMACK, Cassandra (Deceased), Reg. No. 11739-035
>
> Dear Sir or Madam:
>
> I respectfully request that the Bureau of Prisons reconsider its decision (made in the attached letter dated May 4, 2012) to deny the above claim.

The denial letter received by Mr. Morris and issued by the South Central Regional Office of the BOP/U.S. Department of Justice referenced the tort claim and stated the following:

> RE: Administrative Tort Claim – TRT-SCR-2011-03351
>
> WOMACK, Cassandra (Deceased), Reg. No. 11739-035
>
> Dear Mr. Morris:
>
> Your claim, on behalf of the estate of former inmate Cassandra Womack, has been investigated and considered . . .
>
> * * *
>
> You seek compensation, on behalf of Ms. Womack's estate, for the alleged wrongful death of Cassandra Womack. . . .

The government argues that because Mr. Morris did not identify both claims numbers TRT-SCR-2011-03351 and TRT-SCR-2011-2513 in his Request for Reconsideration, that Mr. Morris was only seeking reconsideration of the claims he made, individually (claim number TRT-SCR-2011-03351). Thus, the government contends that the complaint filed herein on behalf of

---

[21] Gov. exhibit 1, Attachment 11, R. #47-3.
[22] The letter is dated October 31, 2012, but was received by the BOP on November 5, 2012.

the estate (claim number TRT-SCR-2011-2513) is untimely. The court notes that the government's letter denying the claim of Mr. Morris, identified the claim as TRT-SCR-2011-03351, Mr. Morris' individual claim; however, in the body of the letter, the government referred to Mr. Morris' claims as the claims on behalf of the estate. Thus, we find that the government had notice that Mr. Morris was seeking a request for reconsideration individually and as to the estate of the deceased. Accordingly the court finds that the claims filed on behalf of the estate were timely filed in this court.

The government takes issue with the fact that Mr. Morris has not been appointed as the succession representative. After the government's memorandum was filed, plaintiff filed a supplemental memorandum and exhibits, one of which establishes that on April 22, 2015, Mr. Morris was appointed as the Independent Administrator of the Succession of Cassandra A. Womack Gatewood making this argument moot.[23]

## CONCLUSION

For the reasons set forth above, the motion to dismiss will be denied as the court finds that the claims of the Estate of Cassandra A. Womack were timely filed.

**THUS DONE AND SIGNED** in Lake Charles, Louisiana on this 29th day of ____May____, 2015.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[23] R. #56-1, government exhibit 2.