RECEIVED

JUN 13 2017

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | |
|---|---|
| **MELVIN MORRIS** | **CIVIL ACTION NO. 2:13-2246** |
| **VERSUS** | **JUDGE JAMES T. TRIMBLE, JR.** |
| **USA, on behalf of**<br>**US BUREAU OF PRISONS** | **MAG. JUDGE KATHY KAY** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## MEMORANDUM RULING

Before the court is the "United States' Partial Motion for Summary Judgment" (R. #70) wherein the mover seeks to have this court decide which law should be applied as the law of the case—Texas or Florida. For the reasons that follow, the court finds that the law of Texas shall apply to the alleged acts of negligence which occurred in Texas and the law of Florida shall apply to the alleged acts of negligence which occurred in Florida.

### FACTUAL STATEMENT

The instant lawsuit against the United States involves a claim for medical malpractice. Plaintiff, Melvin Morris,[1] is the son of the late Cassandra Womack who was incarcerated by the Bureau of Prisons ("BOP") at FCI Tallahassee, Florida in 2003 and transferred to FMC Carswell in Fort Worth, Texas in June 2006. Ms. Womack was diagnosed with Stage IV colon cancer in August 2007; she was released from the BOP on April 2, 2008 and died on February 27, 2009. Plaintiff alleges that substandard medical care by BOP personnel regarding the timing of the cancer diagnosis proximately caused his mother's death.

---

[1] Mr. Morris brings the instant lawsuit individually and on behalf of his mother's estate.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[2] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[3] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[4] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[5] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[6] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[7] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[8] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[9] The court will

---

[2] Fed. R. Civ. P. 56(c).
[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[4] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).
[5] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[6] Anderson, 477 U.S. at 249.
[7] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[8] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[9] Anderson, 477 U.S. at 249-50.

construe all evidence in the light most favorable to the nonmoving party, but will not infer the existence of evidence not presented.[10]

## LAW AND ANALYSIS

In its motion, the United States seeks to have this court apply only the laws of the State of Texas. Texas law has a medical malpractice cap, whereas Florida law does not. This suit is brought pursuant to the Federal Torts Claim Act ("FTCA"). The FTCA "requires application of the whole law of the [s]tate where the act or omission occurred," including that state's choice of law rules.[11] To resolve the choice of law, both Florida courts and Texas courts use the "most significant relationship test"[12] which requires courts to consider: " '(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered.' "[13]

The government maintains that Texas law applies because Ms. Womack was incarcerated in Texas from the time of the definitive cancer staging in August 2007 and shortly before the time of her death. The government argues that there is a lack of definitive evidence that Ms. Womack suffered a change in cancer status between the time of her incarceration in 2003 and her transfer to Texas in 2006. The government asserts that the experts agree that it is likely that when Ms. Womack entered the BOP, she was already suffering from colon cancer.[14] Defendants rely on the

---

[10] Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

[11] Richards v. United States,369 U.S. 1, 11 (1962);  Guillory v. United States, 699 F.2d 781, 784 (5th Cir. 1983).

[12] See Restatement (Second) of Conflicts of Laws ("Restatement") § 145(1);  Torrington Co. v. Stutzman, 46 S.W.3d 829, 848 (Tex. 2000); Gonzalez-Gonzalez- Jimenez de Ruiz v. United States, 231 F.Supp.2d 1187 (M.D. Fla. 2002).

[13] Gutierrez v. Collins, 583 S.W.2d 312, 319 (Tex. 1979)(quoting Restatement § 145 (2)(a)-(d).

[14] Defendant's exhibit C, p. 124; Defendant's exhibit A, p. 45.

opinion of their expert, Dr. Cohen, who opined that Ms. Womack was asymptomatic for colon cancer until August 2007, and she was likely to have had Stage IV when she presented herself to the BOP in 2003.[15] The government further submits the testimony of Dr. Shapiro, Plaintiff's expert, who testified that staging relies on tumor, node, and mestastasis ("TNM")[16] which was first obtained in 2007.[17] Dr. Shapiro also testified that an attempt at an earlier staging of Ms. Womack's cancer amounts to "complete speculation."[18]

The connection Ms. Womack had with both Texas and Florida was that she was incarcerated within the states' BOP where the alleged negligent acts took place. Finally, the government argues that because the medical personnel provided interventions for Stage IV cancer in Texas, these interventions bear the most significance for the case and thus, Texas law should apply because it is the state with the most significant relationship. The government further seeks to dismiss any claims not recognized under Texas law.

Plaintiffs rely on the following facts to support their position that either Florida law applies, or both Texas and Florida law applies to the alleged negligent conduct which occurred in each state:

(1) Failure to properly diagnose the cause of Ms. Womack's iron deficiency anemia which was not corrected by iron supplements:
(2) Failure to warn Ms. Womack that her iron deficiency anemia could be caused by bleeding in the colon related to colon cancer;
(3) Failure to ask Ms. Womack if she had any relatives who had suffered from colon cancer;

---

[15] Defendants' exhibit C, p. 124.
[16] Staging is used by pathologist only after a tumor, lymph nodes and other tissue is removed; it cannot be done without removing tissue after the cancer is diagnosed.
[17] Defendants' exhibit A, p. 55.
[18] Id.

(4) Incorrectly diagnosing Ms. Womack's condition as dysfunctional uterine bleeding (DUB) despite placing her on birth control pills (which should have corrected the DUB) and not sending her to a gynecologist for proper testing and examination in order to make such a diagnosis;

(5) Ordering a pelvic ultrasound on 9/20/06, but not performing same until December 2006;

(6) Incorrectly diagnosing Ms. Womack's later abdominal pain as GERD, h. pylori and/or possible gallstones despite not sending her to a gastroenterologist for endoscopic testing and examination; and

(7) Failure to order a colonoscopy, which, was the standard of care for a person turning 40 years old even in the absence of any symptoms noting that Ms. Womack had two second degree relatives who had suffered from colon cancer.

Plaintiff also relies on the government's doctor (Dr. Negron) and expert (Dr. Cohen) who both confirmed that had a colonoscopy been done between 2003 and 2005, any lesion in Ms. Womack's colon would have been detected and removed.[19] Plaintiff further submits the expert report of Dr. Shapiro which opines that had Ms. Womack received proper care while in Florida from 2003 and 2005, she would probably be alive today.[20]

Plaintiff asserts that the substandard medical care began in Florida and continued to be substandard for about three (3) years; the misdiagnoses continued in Texas, when Ms. Womack was transferred, but by that time the cancer may have already metastasized. Dr. Shapiro opined that Ms. Womack was probably at Stage III or below while she was being treated in Florida.[21]

Plaintiff argues that there is no prohibition in 28 U.S.C. § 1346(b)(1) to applying the law of more than one state. Plaintiff cites In re FEMA Trailer Formaldehyde Product Liability Litigation,[22] wherein the Fifth Circuit applied the law of Mississippi and Alabama, respectively, to

---

[19] Plaintiff's exhibit 3, Negron depo. pp. 81-84.; Cohen dep. Pp. 62-63.
[20] Plaintiff's exhibit 1, Dr. Shapiro report, ¶ ¶ 5 & 6.
[21] Id. ¶ 6.
[22] 668 F.3d 281, 287 (5th Cir. 2012); See also Kohn v. United States, 591 F.Supp. 568 (E.D.N.Y. 1984) aff'd, 760 F.2d 253 (2d Cir. 1985)(applying New York law to acts taking place in new York and Kentucky law to acts taking place in Kentucky).

claims of acts or omissions based on the same conduct by FEMA which occurred in each of those states. Plaintiff maintains that the law of Florida should apply to acts or omissions occurring in Florida and the law of Texas should be applied to acts or omissions occurring in Texas.

Ms. Womack was in the BOP in Florida from October 2003 until June 2006. In October 2003, she was found to have iron deficiency which did not respond to iron supplements. She subsequently suffered from abdominal pain but the BOP medical staff did not perform any diagnostic tests such as a colonoscopy or a fecal blood test which would rule out cancer, the most serious cause of iron deficiency anemia. A year after she left the Florida facility, Ms. Womack collapsed in her cell in Texas and was taken to a private hospital where she was diagnosed with colon cancer metastatic to her left and right ovaries, fallopian tube, liver and lung. She passed away about a year and a half later.

Plaintiff argues that the government failed to address the policy considerations in § 6 of the Restatement[23] and further fails to properly analyze the factors in § 145. The place of injury is Louisiana where Ms. Womack died. Plaintiff asserts that the conduct that caused her injury or death, was primarily Florida, where the BOP initially failed to properly diagnose and/or perform appropriate tests to detect the cancer. Even though she was incarcerated in both Texas and

---

[23] The relevant factors of the applicable rule of law are as follows:
    (1)  The needs of the interstate and international systems,
    (2)  The relevant policies of the forum,
    (3)  The relevant policies of other interested states and the relative interest of those states in the determination of a particular issue,
    (4)  The protection of justified expectations,
    (5)  The basic principles underlying the particular field of law,
    (6)  Certainty, predictability and uniformity of result, and
    (7)  Ease in the determination and application of the law to be applied.

Florida, the plaintiffs (Decedent's heirs) reside in Louisiana. Plaintiffs argue that the relations of the parties is centered in Florida, again the place where the initial alleged substandard conduct took place and where Ms. Womack was in prison for approximately 2 ½ years. Ms. Womack spent one year in Texas before her collapse and the cancer was diagnosed.

The court agrees with plaintiff that there is no language in 28 U.S.C. § 1346(b)(1) that would restrict the application of the law of one state to acts or omissions which occur in more than one state. Accordingly, without deciding if or what acts of each state were substandard, the court finds that the law of both Texas and Florida will be applied to those alleged negligent acts which occurred in the respective states.

## CONCLUSION

For the reasons set forth above, the motion for partial summary judgment will be denied.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 13ᵗʰ day of June, 2017.

**JAMES T. TRIMBLE, JR.**
**UNITED STATES DISTRICT JUDGE**